1  McDERMOTT WILL & EMERY LLP
   Daniel E. Alberti (State Bar No. 68620)
2  dalberti@mwe.com
   Stephen J. Akerley (State Bar No. 160757)
3  sakerley@mwe.com
   Elaine M. Heal (State Bar No. 211723)
4  eheal@mwe.com
   3150 Porter Drive
5  Palo Alto, CA 94304-1212
   Telephone:    650.813.5000
6  Facsimile:    650.813.5100

7  McDERMOTT WILL & EMERY LLP
   Joseph H. Paquin, Jr. *(Pro Hac Vice Pending)*
8  jpaquin@mwe.com
   227 West Monroe Street, Suite 4400
9  Chicago, IL 60606-5096
   Telephone:    312.372.2000
10 Facsimile:    312.984.7700

11 Attorneys for Plaintiff HITACHI, LTD.

12 AKIN GUMP STRAUSS HAUER & FELD LLP
   Yitai Hu (California Admission Pending)
13 yhu@akingump.com
   Sean P. DeBruine (State Bar No. 168071)
14 sdebruine@akingump.com
   S.H. Michael Kim (State Bar No. 203491)
15 mkim@akingump.com
   1950 University Avenue, Suite 505
16 East Palo Alto, CA 94303
   Telephone    (415) 765-9500
17 Facsimile:   (415) 765-9501

18 Attorneys for Defendants PROVIEW INTERNATIONAL
   HOLDINGS, LTD., PROVIEW ELECTRONICS CO., LTD.,
19 and PROVIEW TECHNOLOGY, INC.

                    UNITED STATES DISTRICT COURT

                  NORTHERN DISTRICT OF CALIFORNIA

                       SAN FRANCISCO DIVISION

| | |
|---|---|
| HITACHI, LTD., a Japanese corporation, | CASE NO. C 05 02305 CRB |
| Plaintiff, | ELECTRONIC CASE FILING |
| v. | **STIPULATED PROTECTIVE ORDER** [PROPOSED] |
| PROVIEW INTERNATIONAL HOLDINGS, LTD., a Bermuda corporation; PROVIEW ELECTRONICS CO., LTD., a Taiwanese corporation; and PROVIEW TECHNOLOGY, INC., a California corporation, | |
| Defendants. | |

**STIPULATED PROTECTIVE ORDER**          1          CASE NO. C 05 02305 CRB

WHEREAS, the parties expect that discovery in this action will require the production of technical and business information that is confidential and proprietary in nature, the unrestricted disclosure or dissemination of which could subject them and/or others to commercial or competitive injury;

WHEREAS, the parties are desirous of establishing mechanisms and protocols that will permit efficient discovery in this action and also protect themselves and others from the risk of misuse, unrestricted disclosure and dissemination of such confidential and proprietary information.

NOW, THEREFORE, IT IS HEREBY STIPULATED BY AND BETWEEN THE PARTIES HERETO, SUBJECT TO THE APPROVAL OF THE COURT, AS FOLLOWS:

I. **DEFINITIONS**

The following definitions apply to this protective order:

1. "Communicate" means disclose, provide, show, or make available in any way to another person or entity.

2. "CONFIDENTIAL – ATTORNEYS' EYES ONLY" is a designation that may be applied to information that a Designating Party believes in good faith to constitute, contain, or reveal its trade secrets or other confidential research, development, design, testing, commercial, financial, licensing or personnel information relating to its business, the unrestricted disclosure or dissemination of such information to third parties could adversely impact its business. Information may also be designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY" if it is held by a Designating Party subject to an obligation of confidentiality owed to a third party.

3. "Confidential Information" means information that has been designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY" under the terms of this Order.

4. "Copy" means any reproduction, depiction, or sample of any document, material, tangible thing, audio or video tape, computer disk, or information, regardless of format, by photographic, scanning, imaging, recording, manual input, or other electronic, magnetic, optical, or manual reproduction means.

5. "Designated Counsel" means outside counsel of record for a party in this action,

1 including all attorneys, staff, and clerical and support personnel affiliated with or employed by
2 such outside counsel, as well as copy services, translators and other similar vendors providing
3 clerical or administrative support to such outside counsel.

4     6. "Designating Party" means any party to this action, or any third party from whom
5 discovery is sought in this action, invoking the protections of this Order.

6     7. "Display Technology" means any technology that pertains to monitor or display
7 products, including flat panel, LCD or CRT monitors or displays, or computer hardware or
8 software that is designed to implement or facilitate communications between a computer and such
9 monitor or display products.

10     8. "Party" means every party to this action and every director, officer, employee, and
11 agent of every party to this action.

12     9. "Expert or Consultant" means any outside expert or consultant retained by a Party
13 in connection with preparation for trial or for trial in this action and any administrative or clerical
14 personnel affiliated with or employed by the expert or consultant as well as copy services,
15 translators and other similar vendors providing clerical or administrative support to such expert or
16 consultant.

17 **II. TERMS OF THE PROTECTIVE ORDER**

18     1. <u>Scope of This Protective Order</u>. The terms of this Protective Order shall apply to
19 all proceedings in this action, including proceedings during trial or on appeal. Nothing herein
20 shall prohibit any party from seeking a further protective order with respect to the proceedings in
21 this action.

22     2. <u>Materials Subject to Designation</u>. Any party to this action, or third party from
23 whom discovery is sought, may designate any of the following as Confidential Information under
24 the terms of this Order: deposition testimony; responses to interrogatories, requests for admission
25 or other written discovery; documents and things produced pursuant to subpoena or F.R.C.P. 34
26 request; expert witness reports; and facilities or other physical locations made available for
27 inspection pursuant to discovery request in this action.

28     3. <u>Derivative Materials</u>. Any extract, summary, compilation or other material

STIPULATED PROTECTIVE ORDER     3     CASE NO. C 05 02305 CRB

derived in whole or in part from Confidential Information shall itself be deemed to be Confidential Information, and the dissemination and use thereof shall be governed by this Protective Order.

4. <u>Manner of Designation of Confidential Information</u>

a. <u>Designation of Documents and Things</u>. A Designating Party shall designate Confidential Information by placing a clear, permanent legend on each page of any document being designated or, in the case of physical objects, computer disks, or other tangible things, on the thing itself or on the container in which it is produced. The legend shall bear the words "CONFIDENTIAL – ATTORNEYS' EYES ONLY." All documents and things shall be so designated by the Designating Party prior to their production or delivery, except as set forth below.

To expedite discovery in this action, a Designating Party may make documents and things available for inspection prior to the placement of a legend thereon, without thereby waiving the protections of this Order. Thus, the Designating Party may advise the requesting party that some or all of the documents or things to be produced for inspection are designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to this Order and that only Designated Counsel for the requesting party and outside experts and consultants permitted under the Protective Order to access such materials will be permitted to participate in such inspection. After the inspection, the Designating Party may then designate the documents and things selected by Designated Counsel for the requesting party by marking them with the appropriate legend prior to delivery of copies to the requesting party's Designated Counsel. In such cases, permitting such initial inspections shall not constitute waiver of confidentiality with respect to any document or things so inspected.

b. <u>Manner of Designating Deposition Testimony</u>. If in the course of a deposition any Confidential Information is used (whether as an exhibit or otherwise) with or elicited from a witness, the portion of the transcript in which such Confidential Information is contained shall be designated under this Protective Order. To so designate such portion of a transcript, the witness (or his/her counsel) or Party intending to invoke this Protective Order shall state on the record that the testimony or portion thereof is being designated "CONFIDENTIAL –

ATTORNEYS' EYES ONLY" whereupon the deposition officer shall place the appropriate legend on each page of the transcript containing such designated testimony and shall bind same separately from any non-designated portions of the deposition transcript. In the alternative, any party may advise all other parties in writing, and with page and line identifications, of the designation of such testimony, within thirty (30) days after receipt of the transcript of a deposition. Until thirty (30) days have passed after the receipt of any transcript, the entire transcript shall be deemed to be designated CONFIDENTIAL – ATTORNEYS' EYES ONLY. Unless otherwise ordered by this Court, the Designating Party shall have the right to have all persons, except the deponent and his/her Designated Counsel and such other persons as are permitted under the terms of this Protective Order to have access to Confidential Information, excluded from a deposition during the taking of the testimony designated pursuant to this Protective Order.

        c.    <u>Inadvertent Production or Failure to Designate</u>. In the event that any document or thing qualifying for designation as Confidential Information is inadvertently produced without the proper designation, the disclosing party shall identify such document or thing promptly after its inadvertent production is discovered and provide a copy of such document or thing with the proper designation to counsel for the receiving party, upon receipt of which the receiving party shall promptly return or destroy all copies of the undesignated or misdesignated document or thing.

        In the event that any document or thing containing or constituting privileged attorney-client communications or attorney work product is inadvertently produced, the disclosing party shall notify the receiving party promptly after it is discovered that the privileged material was inadvertently produced for inspection or provided, and upon receipt of such notification the receiving party shall promptly return to Designated Counsel for the disclosing party any and all copies of such document or thing and thereafter refrain from any use whatsoever, in this case or otherwise, of such document or thing. Nothing herein shall prevent the receiving party from contending that any such document or thing was not inadvertently produced, or that privilege was waived for reasons other than the mere inadvertent production thereof.

1      5.    <u>Treatment of Confidential Information</u>. Information designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY," and all information derived from the information so designated (excluding such information as is derived lawfully from an independent source), shall be used only for the purposes of this litigation, and not for any business, commercial, patent prosecution or other purpose whatsoever. Such information shall not be Communicated to any person or entity other than Designated Counsel, the Court and Court Reporters, and those persons to whom disclosure is permitted under the terms of Section II.6 below.

    6.    <u>Outside Experts and Consultants</u>. Information designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" may be Communicated to outside Experts or Consultants retained by a Party in connection with preparation for trial or for trial in this action, provided that the following conditions are met: (a) Before any Confidential Information is disclosed to any Expert or Consultant, that person shall execute and deliver to all Designating Parties a Confidentiality Agreement in the form attached to this Protective Order as Exhibit A; and (b) Counsel of record for the Designating Party will be served with written notice by first class mail and by facsimile not less than ten (10) calendar days before disclosure to any such Expert or Consultant, together with a current resume for such Expert or Consultant. Should counsel of record for the Designating Party object to the disclosure of such information to an outside Expert or Consultant, and such objection is not informally resolved by the parties, the Designating Party shall have twenty-one (21) calendar days following the service of said written notice within which to file a motion in order to bar such disclosure, and no disclosure shall take place until such motion is decided or by leave of court.

    7.    <u>Request for Additional Disclosure</u>. If any counsel of record desires to Communicate a Designating Party's Confidential Information to any person other than those otherwise permitted access to such information under the terms of this Protective Order, such counsel shall first obtain the written consent of the Designating Party or a Court Order authorizing such disclosure. Except as expressly agreed in writing by the Designating Party or ordered by the court, each person to whom the Confidential Information is to be Communicated

1 must execute a written Confidentiality Agreement, in the form attached hereto as Exhibit A.

2       8.    <u>Maintenance of Designated Information</u>. Counsel and those persons to whom disclosure is permitted under the terms of Sections II.5 and II.6 above who have received Confidential Information that is provided pursuant to this Order shall maintain such Confidential Information in a secure and safe area and shall exercise due and proper care with respect to the storage, custody, use, and disposal of all Confidential Information, so as to prevent the unauthorized or inadvertent disclosure of any of it.

      9.    <u>Court Reporters</u>. Any court reporter shall be entitled to hear Confidential Information and receive and handle exhibits containing Confidential Information as necessary or appropriate for the performance of his or her duties. The court reporter may allow the deponent to review the original of the transcript or may deliver the original transcript for such review to the attorney for the deponent, if that attorney has executed and delivered to the Designating Party's counsel of record a Confidentiality Agreement in the form attached to this Stipulated Protective Order as Exhibit A or is one of the Designated Counsel defined in Section I.5 above.

      10.    <u>Filing Documents with the Court</u>. Every document containing Confidential Information which is filed or lodged with the Court, or any pleading or memorandum purporting to reproduce or paraphrase such information, shall be filed or lodged consistent with Civil L.R. 79-5 in a sealed envelope or other appropriately sealed container on which shall be recorded the title to this action, the general nature of the contents, the identity of the party filing the materials, and a statement substantially in the following form:

    DOCUMENT SUBMITTED UNDER SEAL

    CONFIDENTIAL – FILED PURSUANT TO PROTECTIVE ORDER

    Upon default of the filing or lodging Party properly to file or lodge documents containing Confidential Information in accordance with this Stipulated Protective Order, any Party or Designating Party who in good faith believes that lodging or filing under seal is required may, within five (5) calendar days of learning of the defective filing or lodging, request the Court to treat it as having been filed or lodged under seal. Notice of such request shall be given to all Parties. Nothing in this provision relieves a Party of liability for damages caused by failure to

1  properly file or lodge documents containing Confidential Information under seal.

2        11.    <u>No Effect on Party's Own Use</u>. A Designating Party's designation of information

3  as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall not affect its own right to

4  Communicate or use any of its information so designated.

5        12.    <u>Limitations Upon Scope of Order</u>. The restrictions set forth in this Order shall not

6  apply to any information, including information contained in the document, which:

7            a.    At the time of the disclosure hereunder is available to the public; or

8            b.    After disclosure hereunder becomes available to the public through no act,

9  or failure to act, by the receiving party; or

10           c.    The receiving party can show (i) as a matter of written record was already

11 known to the receiving party; (ii) as a matter of written record was independently developed by

12 the receiving party; or (iii) was received by the receiving party, after the time of disclosure

13 hereunder, from a third party having the right to make such disclosure, it being understood that

14 this clause (iii) applies only to the extent that the receiving party may have the right to use or

15 disclose said information under any agreement with the third party.

16       13.    <u>No Effect on Disclosure to Author or Previous Recipients</u>. Nothing contained in

17 this Order shall affect the right of a Party to disclose any Confidential Information to any person

18 who appears as an author or as an addressee on the face of the document, or who has been

19 identified by the Designating Party as having been provided with such Confidential Information

20 therein by the Designating Party.

21       14.    <u>Legal Effect of Confidentiality Designations</u>. The designation by a Designating

22 Party of any document, material, tangible thing, or information "CONFIDENTIAL –

23 ATTORNEYS' EYES ONLY" is intended solely to facilitate initial disclosure and discovery in

24 this action, and neither such designation nor treatment in conformity with such designation shall

25 be construed in any way as an admission or agreement by any Designating Party that the

26 designated disclosure constitutes or contains any trade secret, or proprietary information.

27       15.    <u>Final Disposition of Action</u>. Upon the final disposition of this action, each counsel

28 of record shall: (a) within thirty days return to counsel of record for the Designating Party or see

to the destruction of and certify that destruction of all materials designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY" and all Copies made of such materials; and (b) within thirty days destroy or see to the destruction of all materials related to Confidential Information, including but not limited to notes, analyses, memoranda or reports provided to or by any other persons, and certify to the Designating Party that such destruction has been done.  As an exception to the above, counsel of record may retain a single file Copy of any document filed with the Court, a Copy of any written discovery response, and a transcript of any deposition testimony, together with all exhibits to that transcript.  The Copy of these retained documents shall be treated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY," and counsel of record shall immediately notify opposing counsel of record of any attempt by third parties to inspect or Copy said documents.

16.  <u>Motion for Relief from Designation</u>.  If, after a Party receives information designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY," it appears to the receiving party that any such information is not entitled to the protection afforded under this Protective Order, such receiving party shall first notify counsel of record for the Designating Party in writing, providing its reasons for challenging the designation.  If, fifteen (15) calendar days after such notice is given, the parties have been unable to reach an agreement as to whether the information should be treated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY," the receiving party may then or thereafter bring a noticed motion to be relieved of its obligations under this Protective Order as to any such information.  The Designating Party shall bear the burden of proving that the designated information constitutes, contains, reveals, or reflects trade secrets or other confidential research, development, commercial, financial, or personnel information that relates to the Designating Party's business or that was disclosed to it in confidence by any third party, and that disclosure of the designated information to competitors, customers, or others (including the general public) would adversely prejudice the Designating Party or its business or would violate an obligation of confidentiality to a third party.  No party to this action, however, shall be obligated to challenge the propriety of any designation by any other party, and a failure to do so shall not constitute a waiver or in any way preclude a subsequent challenge in this or any

other action to the propriety of such designations.

17. <u>Survival of Terms</u>. Absent written modification by the Parties or further order of the Court, the provisions of this Protective Order that restrict the disclosure and use of Confidential Information shall survive the final disposition of this action and continue to be binding on all persons and entities subject to the terms of this Protective Order.

18. <u>Effect on Discovery</u>. This Protective Order shall not preclude or limit the right of any Party to object to or resist discovery on any ground that would otherwise be available.

19. <u>Submitting to Jurisdiction of the Court</u>. Counsel of record and each person to whom Confidential Information is disclosed pursuant to the terms of this Protective Order agrees to be subject to the *in personam* jurisdiction of the United States District Court for the Northern District of California, for the purpose of contempt proceedings or any other proceeding arising from any violation of this order.

20. <u>Violation of Order</u>. In the event of any violation or threatened violation of any term of this Protective Order, any affected Designating Party may immediately apply to this Court in this action to obtain injunctive relief against any person violating or threatening to violate this Protective Order and, in that event, the person committing or threatening to commit such violation shall not argue or otherwise employ as a defense that the Designating Party possesses an adequate remedy at law. The Parties and any other person or entity subject to the terms of this Protective Order agree that this Court has jurisdiction of such person, entity, or Party, for the purpose of enforcing this Order.

SO STIPULATED AND AGREED:

1  Dated: November 11, 2005                    Respectfully submitted,

2                                              McDERMOTT WILL & EMERY LLP

3

4                                              By:     /s/ Elaine M. Heal
                                                   Daniel E. Alberti
5                                                  Stephen J. Akerley
                                                   Elaine M. Heal
6                                                  Joseph H. Paquin, Jr. *(Pro Hac Vice)*

7                                              Attorneys for Plaintiff, HITACHI, LTD.,
                                               a Japanese corporation
8

9  Dated: November 11, 2005                    Respectfully submitted,

10                                             AKIN GUMP STRAUSS HAUER &
                                               FELD LLP
11

12

13                                             By:     /s/Sean P. DeBruine
                                                   Yitai Hu
                                                   Sean P. DeBruine
14                                                 S. H. Michael Kim

15                                             Attorney for Defendants, PROVIEW
                                               INTERNATIONAL HOLDINGS, LTD.,
16                                             PROVIEW ELECTRONICS CO., LTD.,
                                               and PROVIEW TECHNOLOGY, INC.
17

18

19

20

21   IT IS HEREBY ORDERED.

22

23   Dated: November 18, 2005
                                               _____
24                                             Hon. [APPROVED — Judge Charles R. Breyer]
                                               United States District Court
25                                             Northern District of California

26

27

28

**STIPULATED PROTECTIVE ORDER**            11                         **CASE NO. C 05 02305 CRB**

**DECLARATION RE: SIGNATURE PURSUANT TO GENERAL ORDER 45 § X**

I, Elaine M. Heal, declare as follows:

1. I am an attorney at the law firm of McDermott Will & Emery LLP, counsel of record for Plaintiff Hitachi, Ltd. in the action entitled *Hitachi, Ltd. v. Proview International Holdings, Ltd., et al.,* Case No. C 05 02305 CRB, pending before this Court. I am a member of good standing of the State Bar of California and am admitted to practice in the United States District Court for the Northern District of California. I have personal knowledge of the facts set forth in this Declaration and, if called as a witness, could and would testify competently to such facts under oath.

2. I attest that the conformed signature of Sean P. DeBruine, counsel of record for Proview International Holdings, Ltd., et al. appearing in the signature block of the STIPULATED PROTECTIVE ORDER [PROPOSED], is Mr. DeBruine's signature, and that Mr. DeBruine has authorized me to file the STIPULATED PROTECTIVE ORDER [PROPOSED].

Executed on the 11th day of November, 2005 at Palo Alto, California. I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

                                           /s/ Elaine M. Heal

# EXHIBIT A
## CONFIDENTIALITY AGREEMENT

I, _____, declare under penalty of perjury under the laws of the United States and California that:

1. My address is _____

_____

2. My present employer is _____

_____

3. My present occupation or job description is _____

_____

_____

4. I HEREBY CERTIFY AND AGREE that I have read and understand the terms of the Protective Order in the matter of HITACHI LTD. v. PROVIEW INTERNATIONAL HOLDINGS, LTD., et al., Case No. C-05-2305 CRB in the United States District Court for the Northern District of California, San Francisco Division; that I will not use or disclose to anyone any of the contents of any Confidential Information received under the protection of the Protective Order; that I shall comply with and to be bound by the terms and conditions of the Protective Order; and that I shall submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcement of the Protective Order.

5. I understand and agree that, pursuant to the Protective Order, I am required to retain all Copies of any of the materials that I receive that have been so designated as containing Confidential Information in a container, cabinet, drawer, room or other safe place in a manner consistent with this Protective Order, that all Copies are to remain in my custody until they are to be returned or destroyed as specified in the Protective Order. I acknowledge that such return or the destruction of such materials shall not relieve me from any of the continuing obligations imposed upon me by the Protective Order.

Dated: _____    _____
                                                    (Signature)

MPK 98683-1.017575.0688

STIPULATED PROTECTIVE ORDER            13            CASE NO. C 05 02305 CRB

McDermott Will & Emery LLP
Attorneys At Law
Palo Alto